CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 23/2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL WAYNE HENEGAR, <br> Plaintiff, | ) <br> ) Civil Action No. 7:06CV00309 <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| BLAND CORRECTIONAL CENTER, <br> Defendant. | ) By Hon. Glen E. Conrad <br> ) United States District Judge |

The plaintiff, Michael Wayne Henegar, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### Background

The plaintiff is presently incarcerated at Powhatan Correctional Center. He was previously incarcerated at Bland Correctional Center. The plaintiff alleges that while he was incarcerated at Bland, his personal property was improperly inventoried. It appears that when the plaintiff prepared to transfer to Powhatan, officials at Bland were unable to find certain pictures that belonged to the plaintiff. The plaintiff alleges that the pictures are irreplaceable. He seeks to recover monetary damages.

### Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v.

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish a violation of his constitutional rights.

The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, as long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). Given that the deprivation of property is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. at 533. Therefore, an adequate post-deprivation remedy, such as a grievance procedure or a state tort claim, suffices. Id. In this case, the plaintiff could have utilized established Division Operating Procedures or other state law remedies, including the Virginia Tort Claims Act, to seek compensation for his missing pictures. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Thus, inasmuch as the plaintiff had adequate state remedies, the deprivation of his personal property did not rise to the level of a constitutional violation.

## Conclusion

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2] The Clerk is directed to send certified copies of this memorandum opinion and

---

[2] Having reached this conclusion, the plaintiff's motion to proceed in forma pauperis will be dismissed as moot.

2

the accompanying order to the plaintiff and counsel of record for the defendant, if known.

**ENTER**: This 19th day of May, 2006.

_____
United States District Judge

3